IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**ROBERTA WHITE**                                                           **PLAINTIFF**

v.                          **No. 3:14-cv-311-DPM**

**ARKANSAS DEPARTMENT
OF HUMAN SERVICES and CINDY
ROWLETT, Area Director**                              **DEFENDANTS**

### ORDER

Defendants' motion, № 10, is denied without prejudice, though service was defective and must be re-done. White's motion for a directed verdict, № 12, is denied because she failed to serve the defendants within 120 days after she filed her complaint. FED. R. CIV. P. 4(m). After the deadline, she tried to serve, but she didn't do so correctly. She didn't serve the Director of the Arkansas Department of Human Services. FED. R. CIV. P. 4(j)(2). Though White is *pro se*, she must still follow the Federal Rules of Civil Procedure. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

In the circumstances, the Court reopens and extends White's time for service until 14 September 2015. If she does not complete good service by then, this case will be dismissed without prejudice. White must also file proof of service, so the Court will know what she has done.

White's Title VII claim may be time-barred because she does not appear to have filed her complaint within ninety days of receiving her right-to-sue letter from the EEOC. № *2 at 2*; 42 U.S.C. § 2000e-5(f)(1). The Court can't reach this issue until there's good service. If the federal claim is untimely, then only a State court would have subject matter jurisdiction over White's remaining Arkansas Whistle Blower Act claim because the State has not waived sovereign immunity. ARK. CODE ANN. § 21-1-604; *Faibisch v. University of Minnesota*, 304 F.3d 797, 800 (8th Cir. 2002).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

17 August 2015